UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE LOMBARDI, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL NO. 4:CV-05-300 |
| : | |
| MICHAEL PUGH, ET AL., : | |
| : | (Judge McClure) |
| Defendant : | |

## **MEMORANDUM AND ORDER**

January 17, 2006

### **Background**

This pro se civil rights action was initiated by Lawrence Lombardi ("Plaintiff"), an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg").

Named as Defendants are the following officials at the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"): ex-Warden Michael Pugh, Health Services Administrator Ron Laino, Unit Manager Angel Levi, Warden and Warden Troy Williamson. He is also proceeding against Doctor

Lawrence Schiffman, a physician who provided USP-Allenwood prisoners with treatment on a contractual basis.[1]

Lombardi states that in March, 2003, he spoke with Defendant Laino regarding "a rash that had appeared on Plaintiff's body." Record document no. 1, ¶ 11. On April 30, 2003, Doctor Schiffman "via computer hook up" diagnosed Plaintiff as suffering from hives and prescribed treatment with Prednisone, an oral steroid. Id. at ¶ 12. When Lombardi's condition did not improve, Defendant Laino prescribed an additional course of Prednisone on May 27, 2003.

One week after informing the prison medical staff that his condition was no better, Plaintiff was seen by Doctor Schiffman via "Tele-Med" on June 27, 2003. Schiffman directed that a skin biopsy be taken. During this same time period, the Plaintiff was additionally placed on an anti-depressant by the prison's Psychology Department for his inability to sleep.

Based on the biopsy results, Plaintiff was diagnosed as suffering from Folliculitis, an inflamation of the hair follicles. An additional round of Prednisone was ordered. Three days later, on August 14, 2003, the Prednisone was discontinued and Plaintiff was placed on an antibiotic, Keflex.

---

[1] Plaintiff notes that Doctor Schiffman is a dermatologist.

On August 23, 2003, Doctor Schiffman placed Lombardi on a different antibiotic, Doxycycline.  Thereafter, on September 4, 2003, the Plaintiff began experiencing "a very painful burning sensation" throughout his body.  Id. at ¶ 20.  He was placed on anti-psychotic medication on September 10, 2003.  By the morning of September 13, 2003, Lombardi's rash had intensified and his breathing was labored, he was seen by a prison paramedic.  Two days later, Plaintiff's request for outside medical assistance was purportedly denied by Defendant Laino.  On September 17, 2003, Laino allegedly told Plaintiff that there was no cure for his condition.  After suffering an intense burning sensation on September 29, 2003, Lombardi was again taken to the prison's medical department.  In July, 2004, Doctor Schiffman prescribed Acticin, an anti-parastic cream,  for the Plaintiff.  Lombardi alleges that he suffered an adverse reaction after using the cream.  His complaint notes that numerous fellow prisoners developed the same type of rash.

On October 7, 2004, one day after Doctor Schiffman examined several inmates, including Lombardi,  Defendant Laino announced that a prisoner had been diagnosed with "scabies."  Id. at ¶ 38.  As part of a unit wide procedure, Plaintiff agreed to Defendant Laino's October 12, 2004 request that he be taken to

the prison infirmary where he was treated with Acticin. The next day Plaintiff was returned to his housing unit. However, due to an alleged shortage of beds, he was placed in the prison's Special Housing Unit ("SHU"). One day later, Defendant Levi informed Plaintiff that the other prisoners in his cell unit erroneously felt that he was the origin of the scabies outbreak. A prison paramedic went to Plaintiff's SHU cell on October 28, 2004 and gave him a prescription for Ivermectin, and was told that the medicine was used by veterinarians to treat horses infected with worms. Lombardi concludes that he remained in the SHU until his November 17, 2004 transfer to USP-Lewisburg.

Plaintiff adds that despite his various complaints and grievances he has been denied needed medical care. Lombardi adds that Defendant Laino chose a less expensive course of treatment, gave the impression to other inmates that Lombardi was responsible for the scabies outbreak, and retaliated against him for his initiation of complaints and grievances. He additionally maintains that Warden Pugh and Unit Manager Levi were deliberately indifferent to his medical needs. His final contention is that Defendant Schiffman's failure to undertake an effort to determine the cause of his rash or refer him for outside treatment constituted deliberate indifference. Plaintiff seeks compensatory and punitive damages.

Defendant Schiffman responded to the complaint by filing a motion to dismiss.  See Record document no. 19.  Although Plaintiff filed an opposing brief to the remaining Defendants' dispositive motion, he has not submitted a response addressing Doctor Schiffman's arguments for dismissal.

**Standard of Review**

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz

v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). This Court will now discuss Defendant Schiffman's motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Deliberate Indifference**

Doctor Schiffman asserts that he is entitled to dismissal of the complaint on the grounds that Plaintiff has failed to allege a viable Eighth Amendment claim against him. As previously noted, Lombardi has not filed a response to this argument.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Pursuant to the Supreme Court's decision in Estelle v. Gamble, 429 U.S. 97 (1976), an inmate plaintiff must demonstrate that prison officials have breached the standard of medical treatment to which he was entitled. The government has an

6

"obligation to provide medical care for those whom it is punishing by incarceration." Id. at 103.  However, a constitutional violation does not arise unless there is "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." Id. at 104 (citation omitted).  As previously noted, a later decision by the Supreme Court established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 841.

Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  Where a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence.  See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation.  See id.

Plaintiff states that he was initially treated by Doctor Schiffman, a dermatologist, on April 30, 2003.  Schiffman diagnosed Lombardi as having hives

7

and prescribed an oral steroid. When the Plaintiff's condition did not improve, Defendant Schiffman ordered the taking of a skin biopsy during June, 2003. The results of the biopsy concluded that Lombardi had Folliculitis, an inflamation of the hair follicles. As a result, medications were prescribed. On August 23, 2003, Schiffman placed the Plaintiff on a different antibiotic. The next allegation regarding Schiffman asserts that in July, 2004, the doctor prescribed Lombardi with an anti-parastic cream. Finally, during October, 2004. Schiffman treated the Plaintiff with respect to an outbreak of scabies.

Based on Lombardi's own admissions, this is simply not a case where needed treatment for a serious medical condition was unnecessarily denied or delayed. The complaint clearly acknowledges that Plaintiff was provided with ongoing treatment by a specialist (dermatologist), Doctor Schiffman. See Record document no. 1, ¶ 7. Lombardi next acknowledges that Schiffman had him undergo a skin biopsy and prescribed various medications for his rash. The gist of Plaintiff's claims is his disagreement with the course of treatment provided, especially that he was prescribed Acticin, was not provided with outside medical treatment and that Schiffman made no effort to determine the cause of his rash. See id. at ¶ 55.

Plaintiff's contention that Doctor Schiffman made no attempt to determine the origin of his rash is clearly undermined by his admission that Schiffman had a

8

skin biopsy performed after the initially prescribed medication proved to be ineffective.   Second, since the complaint acknowledges that Schiffman is a dermatologist and not a prison employee, Plaintiff's general contention that he should have been referred for outside treatment does not by itself set forth a viable constitutional claim.  Lombardi's complaint at best challenges the quality of the medical care provided by Doctor Schiffman, claims which under Estelle are not properly asserted in a civil rights action.  Pursuant to the above discussion, Doctor Schiffman is entitled to an entry of dismissal.  Consequently,

**IT IS HEREBY ORDERED THAT:**

    Defendant Lawrence Schiffman, D.O's motion to dismiss (Record document no. 18 is GRANTED.

    s/ James F. McClure, Jr.
    JAMES F. McCLURE, JR.
    United States District Judge