IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAWRENCE LOMBARDI, :
:
Plaintiff, : CIVIL NO. 4:CV-05-0300
:
v. : (Judge McClure)
:
MICHAEL PUGH, *et al.*, :
:
Defendants. :

# **MEMORANDUM**

June 9, 2009

Presently before the Court is Plaintiff Lawrence Lombardi ("Plaintiff" or "Lombardi")'s "Motion to Determine Sufficiency of Defendants' Responses and Objections to Plaintiff's Request for Admissions." (Rec. Doc. No. 120.) For the reasons set forth below, the Motion will be denied.

## **BACKGROUND**

This *pro se* civil rights action was filed on February 10, 2005 by Lombardi, an inmate presently confined at the United States Penitentiary at Tuscon ("USP Tuscon") in Tuscon, Arizona. His original Complaint raised *Bivens*[1] claims against four (4)

---

[1]*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general
(continued...)

Bureau of Prisons ("BOP") employees employed at the Allenwood United States Penitentiary ("USP Allenwood") in White Deer, Pennsylvania, where Lombardi previously was incarcerated. The sole remaining claim of Lombardi's Second Amended Complaint (Rec. Doc. No. 53) is that Defendants Ron Laino, Health Services Administrator, and Angel Levi, Unit Manager, engaged in retaliatory misconduct which resulted in Lombardi becoming a target of abuse from fellow inmates and ultimately led to his SHU placement and transfer to another institution. (*See* Rec. Doc. No. 88 at 31-32.)

While discovery was set to conclude in this case on March 21, 2008 (*see* Rec. Doc. No. 114), by Order dated April 3, 2008, Defendants request for an extension of time to file responses to Plaintiff's request for admissions was granted, and the responses were due on April 4, 2008. (*See* Rec. Doc. No. 118.) However, Defendants actually served their responses on March 24, 2008. (*See* Rec. Doc. No. 124-2 at 15.) On April 11, 2008, a motion for summary judgment was filed on behalf of Defendants Laino and Levi on the sole remaining claim in this action. (*See* Rec. Doc. No. 119.)

---

[1](...continued)
federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

Lombardi filed the instant motion on April 14, 2008.  (*See* Rec. Doc. No. 120.)  Because the instant motion pertains to discovery issues, the Court will dispose of it before turning to Defendants' motion for summary judgment.

**STANDARD OF REVIEW**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense."  The rule further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  It is well-settled that Rule 26 establishes a liberal discovery policy.  *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978); *Hickman v. Taylor,* 329 U.S. 495, 507-08 (1947); *Great West Life Assurance Co. v. Levithan,* 152 F.R.D. 494, 497 (E.D. Pa. 1994).  As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information.  *Hicks v. Big Bros./Big Sisters of Am.*, 168 F.R.D. 528, 529 (E.D. Pa. 1996).

Federal Rule of Civil Procedure 36(a) addresses requests for admissions and provides in pertinent part:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the

3

> scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents. . . .
>
> Each matter must be separately stated. . . .
>
> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. . . .
>
> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed. R Civ. P. 36(a). "Regardless of the subject matter of the Rule 36 request, the statement of fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." *United Coal Companies v. Powell Const. Co.,* 839 F.2d 958, 967-68 (3d Cir. 1988) (citing *Havenfield Corp. v. H & R Block, Inc.,*, 67 F.R.D. 93, 96 (W.D. Mo. 1973)). "[W]hen good faith requires that a party deny only a part or qualify certain matter of which an admission is requested, such qualification or part denial must be clear." *Havenfield*,

67 F.R.D. at 97.

**DISCUSSION**

In his motion to determine the sufficiency of Defendants' responses to his request for admissions, Lombardi questions Defendant Laino's response to his Request No. 3 and Defendant Levi's responses to Request Nos. 7, 8, 9, 13 and Nos. 2, 4, 15, 16, and 17.  (*See* Rec. Doc. No. 120.)  The Court will analyze these requests, and Defendants responses thereto, in turn.

**Request No. 3**

Laino admitted Request No. 2, which states that, in December 2003, a memo was generated and distributed to the inmate population regarding the recent outbreak of rashes at USP Allenwood.  (*See* Rec. Doc. No. 120-2, Defendant Laino's Answers and Objections to Plaintiff's Request for Admissions, at 1.)  Request No. 3 to Defendant Laino makes the following request as to that memo:

> Plaintiff's document marked as exhibit 1, as part of Attachment B, (Plaintiff's Response to Defendants' Request for Documents), is a true copy of that memorandum generated to the inmate population.

 (*See id.* at 2.)  Defendant Laino responded as follows: "Defendant is without sufficient knowledge to either admit or deny whether the memo is a true copy of the original memorandum."  (*See id.*)  Lombardi challenges this response on the basis that

5

both parties have produced this memorandum in the course of this litigation, and therefore, he requests "an appropriate response in accordance with Rule 36." (*See* Rec. Doc. No. 120 at 2-3.)

Federal Rule of Civil Procedure 36 (a)(4) states that an answering party may assert a lack of knowledge as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry. However, in this situation, as pointed out by Defendants in their response to the instant motion (*see* Rec. Doc. No. 124 at 3), there is no inquiry that Laino could make to know whether the specific copy Plaintiff is referring to that Plaintiff himself attached as exhibit 1 in his response to Defendants' request for production of documents is *identical* to the original memorandum. Accordingly, Defendant Laino's response to Request No. 3 does not violate Fed. R. Civ. P. 36(a).

**Request Nos. 7, 8, 9, and 13**

In Request Nos. 7, 8, 9, and 13, Lombardi seeks admissions from Defendant Levi regarding a meeting Lombardi claims was held on October 13, 2004 after his release from the hospital. (*See* Rec. Doc. No. 120-2, Defendant Levi's Answers and Objections to Plaintiff's Request for Admissions, at 4-5.) Lombardi seeks an admission that the meeting was held; that members of the Unit team 1-B were present;

6

that Levi told Plaintiff at the meeting that his bed was taken and that he would have to wait in the SHU until one became available; and that, on October 13, 2004, Levi told Plaintiff upon his return from the hospital that his bed had been given to another inmate. (*See id.*) Defendant Levi responded that she is without sufficient knowledge to either admit or deny that there was a meeting held on October 13, 2004, or that she had a conversation with Plaintiff on that date, or that she informed him on that date that his bed had been given to another inmate. (*See id.*)

As pointed out by Defendants in their response to the instant motion, Defendant Levi's responses are consistent with her prior answers to interrogatories. (*See* Rec. Doc. No. 124 at 4.) In Plaintiff's Interrogatory No. 15, Plaintiff asked Levi to "describe the name of all individuals who attended the meeting with plaintiff, in your office, on October 13, 2004, upon his release from HSU." (*See* Rec. Doc. No. 124-2 at 23.) In her November 2, 2007 response, Levi stated, "I do not remember a meeting held in my office on October 13, 2004." (*See id.*) In Plaintiff's Interrogatory No. 11(a), Plaintiff asked Levi: "Did you put a hold on plaintiff's bed space in Unit 1-B, at USP-Allenwood, during a quarantine period, on October 12, 2004?" (*See id.* at 21.) While Levi's response reads, "I do recall placing a 'hold' on any inmate bed," it is apparent from the phrasing of the statement that a typographical error occurred in that

the word "not" was left out between the words "do" and "recall"; the sentence does not make sense otherwise. (*See id.*)

In addition, in her response to the next interrogatory, which inquired what BOP policy, directive, or rule Levi followed in removing Plaintiff from his bed in Unit 1-B and assigning another inmate to that bed, Levi not only stated that she did not recall assigning beds to a specific inmate, but that ordinarily, bed assignments are completed by the Unit Counselor. (*See id.* at 22.) To the extent that Defendant Levi has responded consistently that she does not recall a meeting or any other conversation with Lombardi on October 13, 2004 and does not recall assigning beds to specific inmates, her responses to Request Nos. 7, 8, 9, and 13 do not violate Fed. R. Civ. P. 36(a).

### **Request Nos. 2, 4, 15, 16, and 17**

Request No. 2 is a statement that Lombardi was not treated for scabies in March 2004. (*See* Rec. Doc. No. 120-2 at 3.) Defendant Levi responded that she is without sufficient knowledge to either admit or deny what Plaintiff's medical condition was or what treatment was rendered by medical staff. (*See id.*) She further responded that, as the Unit Manager, she did not have access to inmate medical records. (*See id.*) To the extent Levi was not a medical provider and did not have access to inmate medical

8

records, she would have no knowledge of the medical care Lombardi received, and this information would not be readily obtainable by her. Accordingly, this response does not violate Fed. R. Civ. P. 36(a).

Request No. 4 states, "No inmates in Unit 1-B, observed the Plaintiff at any time, failing to apply any medication for any reason." (*See* Rec. Doc. No. 120-2 at 4.) Defendant Levi responded that she is without sufficient knowledge to either admit or deny whether any inmates observed the Plaintiff failing to apply any medication. (*See id.*) This response does not violate Fed. R. Civ. P. 36(a) for the same reason that Request No. 2 does not violate this rule. Moreover, it would be impossible for Defendant Levi to ascertain whether any inmate in Unit 1-B observed Lombardi *failing to apply* medication or whether the inmates know the reasoning behind any failure by Lombardi to apply medication.

Request No. 15 seeks an admission with regard to whether a bed was available in Plaintiff's former cell on October 13, 2004. (*See* Rec. Doc. No. 120-2 at 6.) Defendant Levi's response that she is without sufficient knowledge to admit or deny this statement does not violate Fed. R. Civ. P. 36(a) because, as previously discussed, she consistently has responded that she does not recall assigning beds to specific inmates.

9

Request No. 16 seeks an admission that Special Housing Unit ("SHU") Records contain the entry "PENDING BED SPACE" as the reason why Plaintiff was placed in the SHU on October 13, 2004. (*See id.*) Request No. 17 seeks an admission that Levi's name appears in the SHU Records as the person who authorized Lombardi's placement in the SHU on October 13, 2004. (*See id.*) While Levi initially responded that she was without sufficient knowledge to either admit or deny these statements, in their response to the instant motion, Defendants have provided further explanation. (*See* Rec. Doc. No. 124 at 5.) Specifically, Defendants state that a review of the SHU records reveals only one entry which lists "Pend Bed Space" as the reason for Lombardi's SHU placement. (*See* Rec. Doc. No. 124-2, Attachments to Defendants' Objections and Answers to Plaintiff's First Request for Production of Documents, at 50.) On this record, Levi is listed as the "Team/Caseworker," but the name of the individual who authorized Lombardi's SHU placement is listed as "Zoda." (*See id.*) Because Defendant Levi now has provided a denial of the admission and an explanation to support that denial, the responses to Request Nos. 16 and 17 do not violate Fed. R. Civ. P. 36(a).

**CONCLUSION**

For the foregoing reasons, Plaintiff's "Motion to Determine Sufficiency of Defendants' Responses and Objections to Plaintiff's Request for Admissions" (Rec. Doc. No. 120) will be denied. An appropriate Order will enter.

 s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAWRENCE LOMBARDI, :
:
    Plaintiff, : CIVIL NO. 4:CV-05-0300
:
v. : (Judge McClure)
:
MICHAEL PUGH, *et al.*, :
:
    Defendants. :

## **ORDER**

June 9, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's "Motion to Determine Sufficiency of Defendants' Responses and Objections to Plaintiff's Request for Admissions" (Rec. Doc. No. 120) is **DENIED**.

                                                           s/ James F. McClure, Jr.
                                                           JAMES F. McCLURE, JR.
                                                           United States District Judge